UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LENNY A. ELLSWORTH, | ) |
| | ) No. CV-09-0344-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**BEFORE THE COURT** are cross-motions for summary judgment, noted for hearing without oral argument on September 3, 2010. (Ct. Rec. 18, 23). Plaintiff Lenny A. Ellsworth ("Plaintiff" or "claimant") filed a reply brief on July 13, 2010. (Ct. Rec. 25). Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security ("Commissioner"). The parties filed a consent to proceed before a magistrate judge. (Ct. Rec. 7). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 23) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 18).

<u>**JURISDICTION**</u>

On February 14, 2006, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (Administrative Record ("AR") 41). Plaintiff's applications were denied initially and on reconsideration. An administrative hearing was held before

Administrative Law Judge ("ALJ") Richard A. Say on October 23, 2007. (AR 390-414). On November 2, 2007, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 41-51). The Appeals Council denied Plaintiff's request for review on October 30, 2009. (AR 4-7). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on November 12, 2009. (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and Plaintiff's and Defendant's briefs and, therefore, will only be summarized here. Plaintiff was 46 years old on the date of the administrative hearing. (AR 394). Plaintiff is a high school graduate and has past relevant work as a logger and a construction worker II. (AR 394, 405-406). He alleges disability as of June 1, 2005, due to loss of his right eye, degenerative disc disease and post-traumatic stress disorder ("PTSD"). (AR 150). Plaintiff reported he stopped working on July 2, 2005, because he "couldn't get off couch and got fired. kept trying until I couldn't do anything." (AR 150). Plaintiff testified that pain in his left shoulder, back and neck prevent him from working. (AR 395).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by

substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995
(9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
1999).  "The [Commissioner's] determination that a plaintiff is
not disabled will be upheld if the findings of fact are supported
by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572
(9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence
is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d
1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988).  Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted).  "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
On review, the court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner.  *Weetman v.
Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.
Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

     It is the role of the trier of fact, not this court, to
resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If
evidence supports more than one rational interpretation, the court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the

decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as
the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
Act also provides that a Plaintiff shall be determined to be under
a disability only if his impairments are of such severity that
Plaintiff is not only unable to do his previous work but cannot,
considering Plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he is
engaged in substantial gainful activities.  If he is, benefits are
denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

decision maker proceeds to step two, which determines whether
Plaintiff has a medically severe impairment or combination of
impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).

If Plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares Plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d),
416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment
meets or equals one of the listed impairments, Plaintiff is
conclusively presumed to be disabled.  If the impairment is not
one conclusively presumed to be disabling, the evaluation proceeds
to the fourth step, which determines whether the impairment
prevents Plaintiff from performing work he has performed in the
past.  If Plaintiff is able to perform his previous work, he is
not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If Plaintiff
cannot perform this work, the fifth and final step in the process
determines whether Plaintiff is able to perform other work in the
national economy in view of his residual functional capacity and
his age, education and past work experience.  20 C.F.R. §§
404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once Plaintiff establishes that a physical or mental
impairment prevents him from engaging in his previous occupation.

ORDER GRANTING DEFENDANT'S MOTION . . . -  5

The burden then shifts to the Commissioner to show (1) that
Plaintiff can perform other substantial gainful activity and (2)
that a "significant number of jobs exist in the national economy"
which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498
(9th Cir. 1984).

### ALJ'S FINDINGS

The ALJ found at step one that Plaintiff has not engaged in
substantial gainful activity ("SGA") since June 1, 2005. (AR 43).
The ALJ determined that Plaintiff has bulging discs of the
cervical spine status post discectomy and fusion, right eye
enucleation, right conductive hearing loss, and depression, severe
impairments, but that he does not have an impairment or
combination of impairments which meet or equal a Listings
impairment. (AR 43, 47).

The ALJ concluded that Plaintiff retains the residual
functional capacity ("RFC") to perform a range of light exertion
level work. (AR 48). The ALJ indicated that Plaintiff can
frequently climb ramps or stairs, or engage in stooping,
crouching, crawling, kneeling, and balancing; he can occasionally
climb ladders, but should never climb ropes or scaffolds; he can
occasionally reach overhead with the left arm; he has limited
depth perception; he should avoid hazards such as unprotected
heights or dangerous machinery; and he takes medication for mild
to moderate chronic pain, but is able to remain attentive,
responsive, and reasonably alert to perform required job
functions. (AR 48). The ALJ determined at step four of the
sequential evaluation process that Plaintiff is not able to
perform any past relevant work. (AR 50).

1    However, considering Plaintiff's age, educational background
2  and work experience, and based on the RFC determination and the
3  vocational expert testimony, the ALJ found that Plaintiff could
4  perform other work that exists in significant numbers in the
5  national economy.  (AR 51).  The ALJ thus determined that
6  Plaintiff was not disabled, within the meaning of the Social
7  Security Act, at any time from June 1, 2005 through the date of
8  the decision, November 2, 2007.  (AR 51).

9                            **ISSUES**

10    Plaintiff contends that the Commissioner erred as a matter of
11  law.  Specifically, he argues that:

12    1.   As supported by the opinions of treating sources Marty
13  King, LMHP, M.Ed., and Ron Casebeer, M.Ed., he is more limited
14  from a psychological standpoint than what was determined by the
15  ALJ;

16    2.   He is more limited from a physical standpoint than what
17  was determined by the ALJ; and

18    3.   The ALJ erred by finding that Plaintiff's subjective
19  complaints were not fully credible.

20    This court must uphold the Commissioner's determination that
21  Plaintiff is not disabled if the Commissioner applied the proper
22  legal standards and there is substantial evidence in the record as
23  a whole to support the decision.

24                          **DISCUSSION**

25  **I.   Plaintiff's Credibility**

26    Plaintiff argues that the ALJ's opinion that Plaintiff is not
27  fully credible is erroneous and not properly supported.  (Ct. Rec.
28  19 at 21-22).  The undersigned does not agree.

ORDER GRANTING DEFENDANT'S MOTION . . . -  7

1    It is the province of the ALJ to make credibility

2  determinations.  *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.

3  1995).  However, the ALJ's findings must be supported by specific

4  cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.

5  1990).  Once the claimant produces medical evidence of an

6  underlying impairment, the ALJ may not discredit his testimony as

7  to the severity of an impairment because it is unsupported by

8  medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

9  1998) (citation omitted).  Absent affirmative evidence of

10 malingering, the ALJ's reasons for rejecting the claimant's

11 testimony must be "clear and convincing."  *Lester v. Chater*, 81

12 F.3d 821, 834 (9th Cir. 1995).  There is no affirmative evidence

13 of malingering in this case; therefore, the ALJ was required to

14 give "clear and convincing" reasons for rejecting Plaintiff's

15 testimony.  *Lester*, 81 F.3d at 834.

16    The ALJ determined that Plaintiff's subjective complaints

17 regarding the extent of his functional limitations were not fully

18 credible.  (AR 49).  In support of this finding, the ALJ indicated

19 as follows: (1) Plaintiff testified he still had numbness in his

20 left three fingers, yet he told Dr. Meyer he had only some

21 intermittent numbness in his left index finger, and some stiffness

22 in his neck; (2) Plaintiff told Dr. Britt in April 2005 that he

23 had been getting wood in, which is indicative of more work-like

24 activity than he testified to; (3) Dr. Gray noted vagueness in

25 Plaintiff's statements leading him to wonder if there might be a

26 problem of central nervous system deterioration, yet Dr. Ashworth

27 stated that mental status exam did not indicate any major

28 deficits, indicating inconsistency of presentation.  Dr. Gray also

stated there was not a whole lot of impairment except for
consistent pain; (4) Plaintiff testified he is depressed and has
trouble with depth perception, yet his activities, including
hitting golf balls, performing the drums at powwows, playing
horseshoes in a league, shooting pool, beadwork, hunting and
fishing, and visiting others, indicated a higher level of
functioning than he described; (5) Plaintiff stated the hearing
loss on his left side was worse than his right, but an audiogram
showed hearing loss on the right only; and (6) Plaintiff testified
he is supposed to wear hearing aids, but does not like them.  (AR
49).

    The ALJ first noted inconsistencies between Plaintiff's
statements regarding numbness in his left three fingers and the
objective medical evidence.  (AR 49).  Inconsistencies in a
disability claimant's testimony supports a decision by the ALJ
that a claimant lacks credibility with respect to his claim of
disabling pain.  *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.
1986).  The ALJ next noted Plaintiff's documented work-like
activity: "getting wood in".  Work-like activity is clearly
inconsistent with an alleged inability to perform work.  The ALJ
also noted evidence of Plaintiff's inconsistency of presentation.
An ALJ may properly rely on inconsistencies in finding a
claimant's subjective complaints less than completely credible.
*Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ
further indicated that Plaintiff's activities, including hitting
golf balls, performing the drums at powwows, playing horseshoes in
a league, shooting pool, beadwork, hunting and fishing, and
visiting others, indicated a much higher level of functioning than

1   what he described.  It is well-established that the nature of
2   daily activities may be considered when evaluating credibility.
3   *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  The ALJ also
4   noted that Plaintiff is supposed to wear hearing aids, but
5   indicates that he does not like them.  Noncompliance with medical
6   care cast doubt on a claimant's subjective complaints.  *Id*.

7       The Commissioner does concede that the ALJ mistakenly relied
8   upon his belief that Plaintiff testified that his hearing loss on
9   his left side was worse than the right (AR 49), when Plaintiff
10  instead actually testified that his hearing loss was worse on his
11  right side (AR 401).  However, an error in the credibility
12  analysis is harmless error when substantial evidence supports the
13  ALJ's ultimate conclusion that the claimant's testimony was not
14  credible.  *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155,
15  1162-1163 (9th Cir. 2008); *Batson v. Comm'r Soc. Sec. Admin.,* 359
16  F.3d 1190, 1197 (9th Cir. 2004); *Curry v. Sullivan,* 925 F.2d 1127,
17  1131 (9th Cir. 1990); *Booz v. Sec. of Health and Human Services,*
18  734 F.2d 1378, 1380 (9th Cir. 1984).  In this case, the ALJ cited
19  several valid reasons supported by substantial evidence in the
20  record for finding Plaintiff not fully credible.  *See supra*.  As a
21  result, this erroneous reason offered by the ALJ constitutes
22  harmless error.

23      After reviewing the record, the undersigned finds that the
24  reasons provided by the ALJ for finding Plaintiff not fully
25  credible, as outlined above, are clear and convincing and
26  supported by substantial evidence.  Accordingly, the ALJ did not
27  err by concluding that Plaintiff's testimony was not entirely
28  credible in this case.

**II.  RFC Determination**

Plaintiff asserts that the ALJ failed to properly assess his RFC.  (Ct. Rec. 19 at 15-21).  RFC is defined as the most one can still do despite the individual's limitations.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In making a RFC determination, the ALJ considers the claimant's symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence of record.  The ALJ also considers the opinions of "acceptable medical sources" which reflect the judgment about the nature and severity of the impairments and resulting limitations.

The ALJ found that Plaintiff had the RFC to perform light exertion level work with certain restrictions.  (AR 48).  The ALJ indicated that Plaintiff can frequently climb ramps or stairs, or engage in stooping, crouching, crawling, kneeling, and balancing; he can occasionally climb ladders, but should never climb ropes or scaffolds; he can occasionally reach overhead with the left arm; he has limited depth perception; he should avoid hazards such as unprotected heights or dangerous machinery; and he takes medication for mild to moderate chronic pain, but is able to remain attentive, responsive, and reasonably alert to perform required job functions.  (AR 48).

**A.   Mental Limitations**

With respect to Plaintiff's mental ability, Plaintiff argues that limitations assessed by Marty King, LMHP, M.Ed., and Ron Casebeer, M.Ed., reflect limitations from his mental impairments which cause more than slight abnormalities on his ability to work. (Ct. Rec. 19 at 15).

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

It is important to note at the outset, as noted by the ALJ, that Mr. King and Mr. Casebeer are not physicians or licensed or certified psychologists.  (AR 50).  Therefore, their testimony and opinions do not qualify as "medical evidence . . . from an acceptable medical source" as required by the Social Security regulations.  20 C.F.R. §§ 404.1513, 416.913.

On September 28, 2005, Mr. King filled out a check-box[1] psychological/psychiatric evaluation form for GAU benefits.  (AR 287-291).  Plaintiff was noted to be a poor historian and was noted to have a long history of alcohol abuse with almost 30 days sober.  Mr. King diagnosed post-traumatic stress disorder ("PTSD"), major depression, recurrent without psychotic features, and alcohol dependence, early full remission.  (AR 289).  Mr. King opined Plaintiff had marked and severe limitations in cognitive factors and some marked limitations in social factors.  (AR 290).

On January 5, 2006, Mr. King filled out another check-box psychological/psychiatric evaluation form for GAU benefits.  (AR 292-296).  It was noted that Plaintiff had just gotten out of chemical dependency treatment and had been abstinent for five months.  (AR 294).  Mr. King diagnosed PTSD and opined that Plaintiff had some marked limitations in cognitive factors and some moderate limitations in social factors, an improvement in symptoms from his report filled out just three months earlier. (AR 294-295).

---

[1]A check-box form is entitled to little weight.  *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible).

On May 25, 2006, Plaintiff was examined by Dr. Clark D. Ashworth, Ph.D. (AR 215-219). Plaintiff reported to Dr. Ashworth that he had not used alcohol or cocaine since July 2005. Plaintiff stated that he had many friends, performed drums at powwows, hit golf balls in a nearby field, played horseshoes in a league, shot pool, enjoyed beadwork, hunted and fished. Dr. Ashworth diagnosed polysubstance dependence in full sustained remission, bereavement regarding son's death, and rule out depressive disorder, NOS, and gave Plaintiff a global assessment of function score of 65.[2] (AR 218-219). Dr. Ashworth determined that there were no major mental health problems, including PTSD, and opined that Plaintiff was capable of understanding, remembering and carrying out work related instructions and working with supervisors and coworkers. (AR 219).

On October 18, 2007, Ron Casebeer, M.Ed., wrote a letter to Plaintiff's attorney in this matter. (AR 302). Mr. Casebeer indicated Plaintiff had attended counseling services since 2005 for PTSD. He stated that while Plaintiff had made a lot of progress, he still believed Plaintiff's PTSD disabled him. *Id*.

The ALJ concluded that PTSD had not been shown to be a medically determinable impairment. (AR 46). This finding is consistent with Dr. Ashworth's report, and Dr. Ashworth is the only acceptable medical source that assessed Plaintiff's mental functioning. "Information from . . . 'other sources' cannot establish the existence of a medically determinable impairment.

---

[2]A GAF of 70-61 is characterized as: "Some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 12 (3d ed. Rev. 1987).

ORDER GRANTING DEFENDANT'S MOTION . . . - 13

Instead, there must be evidence from an 'acceptable medical source' for this purpose." *See* SSR 06-03p.  Since Mr. King and Mr. Casebeer were not acceptable medical sources, they could not establish the existence of PTSD as a medically determinable impairment.  The ALJ determined that because the limitations found by Mr. King and Mr. Casebeer were based on their diagnoses of PTSD, a disorder not shown to be a medically determinable impairment in this case, their opinion was given little weight. (AR 50).  The ALJ additionally gave their opinions "little weight" because they were not physicians or psychologists.  (AR 50).

     After the ALJ's November 2, 2007 decision was filed, Plaintiff submitted a check-box psychological/psychiatric evaluation form completed by Mr. Casebeer on May 1, 2008.  (AR 14-18).  On this form, Mr. Casebeer indicated a diagnosis of PTSD and major depression, recurrent without psychotic features and moderate limitations with cognitive and social factors.  The Appeals Council considered this evidence and determined that it did not provide a basis for changing the ALJ's decision.[3]

     This court has jurisdiction to remand matters on appeal for consideration of newly discovered evidence.  *Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405(g).  Section 405(g) expressly provides for remand where new evidence is "material" and there is "good cause" for the failure to incorporate the evidence in a prior proceeding.  *Burton v.*

---

[3]The Appeals Council held, "[t]he Administrative Law Judge decided your case through November 2, 2007.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before November 2, 2007."  (AR 5).

ORDER GRANTING DEFENDANT'S MOTION . . . -  14

1  *Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).  To be material, the
2  new evidence must bear directly and substantially on the matter in
3  issue.  *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).
4  Also, there must be a reasonable possibility that the new evidence
5  would have changed the outcome if it had been before the
6  Secretary.  *Booz v. Secretary of Health and Human Services*, 734
7  F.2d 1378, 1380-81 (9th Cir. 1984).

8      First, the new evidence is not material.  Mr. Casebeer's
9  evaluation form was completed six months after the ALJ's decision.
10 It is therefore immaterial because it does not address Plaintiff's
11 medical status during the relevant period at issue in this action.
12 Plaintiff has also not shown a reasonable possibility of changing
13 the outcome of the ALJ's determination with the new evidence.  As
14 discussed above, Mr. Casebeer is not an acceptable medical source,
15 he thus cannot establish the existence of PTSD as a medically
16 determinable impairment, and his assessment is based on a
17 diagnosis of PTSD.  Furthermore, Plaintiff has not shown good
18 cause for the failure to incorporate the records prior to the
19 ALJ's decision.  Plaintiff offers no reason why this information
20 was not solicited earlier.  *See, e.g., Allen v. Secretary of
21 Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984)
22 (seeking out a new success with the agency does not establish
23 "good cause").  Since Plaintiff fails to meet the materiality and
24 good cause requirements, the Court is not able to consider the
25 newly submitted evidence.

26     The mental limitations assessed by the ALJ in this case are
27 in accord with the opinion of Dr. Ashworth and not inconsistent
28 with any other acceptable medical source.  While Plaintiff argues

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

1   that the ALJ erred by failing to assess greater limitations, the

2   ALJ properly analyzed the record and determined that Plaintiff had

3   some mild symptoms but was generally functioning pretty well.  The

4   record does not support a more restrictive mental RFC finding.

5   Accordingly, the Commissioner did not err in this regard.

6       **B.   Physical Limitations**

7       Plaintiff also argues the ALJ's finding that Plaintiff is

8   capable of a restricted range of light duty work is not supported

9   by the record evidence.  (Ct. Rec. 19 at 19-21).

10      On August 9, 2005, Edmund Gray, M.D., performed a physical

11  evaluation for GAU benefits.  (AR 267-272).  Dr. Gray diagnosed

12  cervical spine radiculopathy to the left arm affecting work

13  related things of lifting, handling and carrying.  (AR 271).  Dr.

14  Gray opined that Plaintiff could probably perform medium level

15  work.  *Id*.

16      On January 3, 2006, Dr. Gray performed a repeat physical

17  evaluation for GAU benefits.  (AR 232-236).  On this occasion, Dr.

18  Gray diagnosed cervical disc syndrome at C7 and C6 with work

19  related activities affected that of lifting, carrying, handling,

20  pushing, pulling, reaching.  (AR 236).  Dr. Gray opined that

21  Plaintiff could probably perform light level work.  *Id*.

22      Contrary to Plaintiff's assertions, Dr. Gray's opinions do

23  not differ from the ALJ's RFC determination that Plaintiff could

24  perform light exertion level work with certain restrictions.  (AR

25  48).

26      On March 7, 2007, Plaintiff underwent an anterior cervical

27  discectomy and fusion at C5-6 and C6-7.  (AR 354).  In a May 17,

28  2007 follow up appointment, Kathleen L. Meyer, M.D., reported

Plaintiff had "excellent strength in all muscle groups of his
upper extremities" and had good range of motion of his neck to
either side.  (AR 354).  Dr. Meyer did not specifically assess any
functional limitations.  Dr. Meyer's reports do not demonstrate
that the ALJ's physical RFC determination was erroneous.

After the ALJ's November 2, 2007 decision was filed,
Plaintiff submitted a check-box physical evaluation form completed
by Robert L. Fuller, M.D., on May 1, 2008.  (AR 19-22).  Dr.
Fuller diagnosed Plaintiff with chronic low back pain, blindness
in the right eye, shoulder rotator cuff tear, and unresolved
cervical spine injury.  (AR 21).  Dr. Fuller opined that Plaintiff
was "not employable."  (AR 22).  However, as with Mr. Casebeer
above, the Appeals Council considered this evidence and determined
that it did not provide a basis for changing the ALJ's decision.

Dr. Fuller's evaluation form was completed six months after
the ALJ's decision.  It is therefore immaterial because it does
not address Plaintiff's physical status during the relevant period
at issue in this action.  Plaintiff has not shown a reasonable
possibility of changing the outcome of the ALJ's determination
with the new evidence and has not shown good cause for the failure
to incorporate the records prior to the ALJ's decision.  Since
Plaintiff fails to meet the materiality and good cause
requirements, the Court will not consider this new evidence.

The undersigned finds that the ALJ properly analyzed the
record and determined that Plaintiff could perform light exertion
level work with certain restrictions.  While Plaintiff argues that
the ALJ erred by failing to assess greater limitations, the record
does not support a more restrictive physical RFC determination.

It is the responsibility of the ALJ to resolve conflicts in medical testimony and resolve ambiguities. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). The court thus has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). Contrary to Plaintiff's argument, the record does not support a more restrictive RFC determination than as assessed by the ALJ in this matter.

## CONCLUSION

As determined above, the ALJ's RFC finding was appropriate in this case. Accordingly, the ALJ properly concluded that Plaintiff was able to perform a restricted range of light exertion level work. Vocational expert K. Diane Kramer testified that based on a hypothetical which included the limitations assessed by the ALJ in this case, the individual would be capable of performing work as a cleaner/housekeeper, a routing clerk and a mail sorter, jobs that exist in significant numbers in the national economy. (AR 407-408). All three jobs identified by the vocational expert are light exertion level positions. *Id.* At step five of the sequential evaluation process, the ALJ found that, based on Plaintiff's age, education, work experience, RFC and the vocational expert's testimony, Plaintiff was capable of performing other work in the national economy.

This court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as

ORDER GRANTING DEFENDANT'S MOTION . . . - 18

a whole to support the decision.  Having reviewed the record and the ALJ's conclusions, the court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff is thus not disabled within the meaning of the Social Security Act.  Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment (**Ct. Rec. 18**) is **DENIED**.

2.   Defendant's Motion for Summary Judgment (**Ct. Rec. 23**) is **GRANTED**.

3.   The District Court Executive is directed to enter judgment in favor of Defendant, file this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** this file**.**

**IT IS SO ORDERED.**

**DATED** this 29th day of December, 2010.

                              S/ James P. Hutton
                              JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . -  19